Of Counsel:

ROMAN AMAGUIN, ESQ. 6610-0
345 Queen Street
Suite 504
Honolulu, Hawaii 96813

Telephone: (808) 545-4151
Facsimile: (888) 236-8984
Email: roman@amaguinlaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JENNY MATSUMOTO HUSSEY,<br><br>   Plaintiff,<br><br>vs.<br><br>CVS PHARMACY,<br><br>   Defendant. | CIV NO. _____<br><br>COMPLAINT-CIVIL RIGHTS; EMPLOYMENT DISCRIMINATION (42 U.S.C. §§ 12111, *et seq.*; JURY TRIAL DEMAND; SUMMONS |

## NATURE OF THE ACTION AND JURISDICTION

This is an action under Title 1 of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. 12111, *et seq.,* to

correct unlawful employment practices on the basis of disability and for unlawful retaliation, and to seek relief on behalf of JENNY MATSUMOTO HUSSEY, Plaintiff, who was adversely affected by such practices.

Plaintiff asserts that Defendant terminated Plaintiff's employment on the basis of her disability and her protected activities, including but not limited to her filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and failed to reasonably accommodate her and engage in an interactive process, in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112 and 12203..

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343.

2. This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 §§ 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The request for declaratory and injunctive relief, if

requested, is authorized by 28 U.S.C. §§ 2201 and 2202.

4. Any State law claims are authorized and instituted under 28 U.S.C. § 1367(a).

5. Pursuant to 28 U.S.C. § 1391, the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## **PARTIES**

6. Plaintiff is currently a citizen of and resides in Honolulu, Hawaii.

7. At all relevant times, Defendant has employed at least 500 employees.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of § 101(5) of the ADA, 42 U.S.C. § 12111(5) and § 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 701(g) and (h) of Title VII, and 42 U.S.C. §§ 2000e(g) and (h).

9. At all relevant times, Defendant has been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. All of the acts and failures to act alleged herein were duly

performed by and attributable to all Defendants, if applicable, each acting as a successor, agent, employee alter ego, indirect employer, joint employer or under the direction and control of the others, except as specifically alleged otherwise.

11.  Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant, if applicable, participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## **CONDITIONS PRECEDENT**

12.  Pursuant to federal law, Plaintiff filed a Charge of Discrimination with the appropriate agency and obtained a right-to-sue letter prior to filing this lawsuit.

13.  The appropriate agency has issued a right-to-sue letter permitting Plaintiff to file suit in this Court.

14.  Plaintiff has satisfied all conditions precedent to filing a lawsuit.

## **FACTS**

15. Defendant engaged in lawful employment practices in violation of the ADA § 102(a) and (b), 42 U.S.C. § 12112 (a) and (b). Defendant discriminated against Plaintiff when it failed to engage in an interactive process in good faith, failed to reasonably accommodate her disability, and when it terminated Plaintiff from her position as Pharmacy Manager of Store #9185, on or around July 31, 2020.

16. Plaintiff was hired as an intern by Respondent CVS in 2001.

17. Her work as a pharmacist has consistently been highly regarded.

18. Plaintiff eventually worked her way up from a pharmacist on July 15, 2002, to Pharmacy Manager at CVS Store #9220, Kahala, and then promoted to the busier 24 hour Store #9185, Hawaii Kai, in 2009.

19. From August 2009 until her termination on July 31, 2020, Plaintiff excelled in all her positions and was a top performer.

20. For over a year prior to Plaintiff's termination, Defendant was aware that Plaintiff suffered from a disability. On or around

April 16, 2019, Plaintiff's physician certified that due to a medical condition, Plaintiff was requesting that she not "administer vaccines or injectable medications."

21. Plaintiff's medical condition is a physiological tremor, which results in her having tremors in her hands at unpredictable times.

22. Thus, there was the real risk of customers not receiving a proper vaccination and perhaps being harmed. Plaintiff provided the medical certificate to Respondent.

23. Among other activities, Plaintiff's medical condition significantly limits her ability to engage in one or more major life activities, including but not limited to working, concentrating, cooking and writing.

24. Plaintiff cannot take the recommended medication that could mitigate the effects of the condition as she already suffers from vertigo, which is a side effect of the medication that is most often prescribed for the tremor.

25. CVS permitted Plaintiff to not administer vaccinations for a period of time due to her disability.

26. However, on or around June 27, 2020, CVS, specifically

Francis Nakoa, District Leader, and Scott Sutton, Region Director, informed Plaintiff that CVS was revising her job description as of August 1, 2020, to characterize the administration of vaccines as an essential job function.

27.  Nakoa made clear that Plaintiff would have to perform the vaccinations.  CVS HR informed Plaintiff that CVS that there would be "no exceptions."  The "no exceptions" policy was confirmed by Maryanne Ackway on August 6, 2020, when she informed Jenny by telephone that, "no one got reasonable accommodation," and that you either receive severance or get "redeployed".

28.  Plaintiff reminded CVS that she had previously submitted certification of her medical condition and the need to be reasonably accommodated.

29.  Plaintiff, again, requested the reasonable accommodation be provided given her disability.

30.  Sutton suggested to Plaintiff that she be placed in another position with CVS.

31.  On June 28, 2020, Plaintiff filed a Charge of Discrimination asserting CVS discriminated against her based on disability.  The charge is considered "dual-filed" with the EEOC

(federal law) and the Hawaii Civil Rights Commission (state law).

32. On June 29, Plaintiff provided CVS an updated certification regarding her disability and asked again for reasonable accommodation.

33. CVS rejected Plaintiff's request without engaging in an interactive process with her and her physician. Rather, Nakoa, on June 30, 2020, flat out told Plaintiff that CVS could only allow her to take a leave of absence through December 2020, which under disability law and the circumstances of the case, is not a "reasonable accommodation."

34. On that same day, June 30, 2020, Plaintiff complained to Scott Sutton, Region Director, about the treatment she was receiving and believed it constituted harassment and discrimination based on disability as she was not being reasonably accommodated.

35. On July 31, 2020, Plaintiff was terminated from her position with Store #9185 as the Pharmacy Manager.

36. CVS forced Plaintiff to apply for another position with no guarantee she would be rehired.

37. Forced to apply for another position, Plaintiff applied for a store manager position at the Hawaii Kai store. Even though she

was qualified for the position, on July 24, 2020, CVS rejected Jenny's application, even though there is a history of CVS permitting managers to move down to another position or demoting managers without a loss of pay and benefits.

38. On August 4, 2020, CVS confirmed with Plaintiff that a pharmacist "Specialist Mail Order" position at "Waterfront Plaza," which she saw a listing for around July 14, 2020, was indeed open, but that she would have to apply for it.

39. However, while Plaintiff lived a mere five minute drive from Store #9185, she would now have to commute to her new job, if accepted, in rush hour traffic to downtown Honolulu, around 15 miles.

40. Despite the significant inconvenience of the commute, CVS HR represented by telephone on August 4th, that if Plaintiff were hired into the position, it would be with the same benefits and that she would get back her accrued seniority.

41. That turned out to be a lie as Plaintiff was subsequently told, after she was hired on August 5, 2020, that she would make around $30,000 less annually ($60 per hour versus $73.55 per hour) and she would lose her seniority, which meant she would

have little control over scheduling as the most junior pharmacist.

42. Plaintiff was wrongfully terminated as Pharmacist Manager at #9185, Hawaii Kai on July 31, 2020. Defendant terminated Plaintiff even though she was a qualified individual with a disability that could perform the essential functions of her position with or without reasonable accommodation.

43. The "essential functions" of Plaintiff's position did not include performing vaccinations. Throughout Plaintiff's employment at Store #9185 her job description did not include performing vaccinations as an essential function.

44. The employees at the store, including Plaintiff, Stacie Takahashi, Kelli Furutomo, technician, and Anh Mitsuda, staff pharmacist, considered giving vaccinations only a small part of the job and store operations.

45. The consequences of not requiring Jenny and others to perform the function as an "essential function" were negligible.

46. Nevertheless, reasonable accommodations were available. Store #9185 had a "MinuteClinic" operation, which is owned and operated by CVS.

47. The MinuteClinic is advertised by CVS as a walk in clinic

inside CVS that "provides quality health care for adults and children over 18 months. We treat a wide range of conditions and illnesses to ensure that you and your family get well and stay well. Some of our services include TB testing, flu shots, and sports physicals."

48. The shots advertised by the MinuteClinic are administered by a nurse practitioner at the same location as the pharmacy in Store #9185.

49. Furthermore, as a reasonable accommodation CVS could have allowed customers to set up appointments for the provision of the shot by another pharmacist.

50. Finally, to the extent that neither of those accommodations are considered "reasonable" the most logical solution would have been to allow Jenny to transfer at the same rate of pay and seniority, rather than to outright terminate her employment due to her disability and in retaliation for her making a complaint about the treatment she received after requesting the reasonable accommodation.

51. The unlawful employment practices described herein were intentional and caused harm to Plaintiff. Similarly-situated

employees were not treated in the same manner as Plaintiff.

52. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the statutory rights of Plaintiff.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF - (Discrimination Due to Disability in Violation of Title I of the Americans with Disabilities Act of 1990)

53. Plaintiff re-alleges and incorporates by reference as though fully contained herein, the allegations set forth in paragraphs 1 through 52, above.

54. Defendant denied and terminated Plaintiff's employment on the basis of her disability, failed/refused to engage in an interactive process, and failed/refused to provide reasonable accommodation in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112.

55. Similarly-situated employees were treated better than Plaintiff.

56. The above discriminatory practices by Defendant violated Plaintiff's rights as protected by Title I of the Americans with Disabilities Act of 1990.

57. Plaintiff is entitled to damages from Defendant in an amount to be proven at trial.

58. As a direct and proximate result of said acts, Plaintiff suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer physical and psychological pain and suffering, distress, humiliation, great expense, embarrassment, and damage to her reputation.

59. Defendant's acts and/or omissions were willful, wanton, outrageous and oppressive and were done with callous indifference to Plaintiff's present and future ability to earn a living and therefore Plaintiff is also entitled to punitive and exemplary damages from Defendant in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF - (Unlawful Retaliation in Violation of Title I of the Americans with Disabilities Act of 1990)

60. Plaintiff re-alleges and incorporates by reference paragraphs 1-59 above.

61. 42 U.S.C. § 12203 provides as follows:

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or

> participated in any manner in an investigation, proceeding, or hearing under this chapter.

42 U.S.C. § 12203(a).

62. Plaintiff's complaints about violations or suspected violations of law and/or the failure/refusal by Defendant to reasonably accommodate her disability, and the filing of a Charge of Discrimination, were the proximate cause of her termination and other retaliatory action taken against her.

63. Plaintiff complained about and/or opposed violations or suspected violations of law and/or practices forbidden by disability law. In response, CVS discriminated and retaliated against Plaintiff and eventually terminated her employment.

64. Plaintiff asserts she requested reasonable accommodation on June 27, 2020.

65. On June 28, 2020, Plaintiff filed a Charge of Discrimination asserting CVS discriminated against her based on disability.

66. On June 29, Plaintiff provided CVS an updated certification regarding her disability and requested again the need for reasonable accommodation.

67. On June 30, 2020, Plaintiff complained to Scott Sutton, Region Director, about the treatment she was receiving and believed it constituted harassment and discrimination based on disability as she was not being reasonably accommodated.

68. Ultimately, on July 31, 2020, Plaintiff's employment was terminated in retaliation for her engaging in protected activity and due to her disability. Defendant took other retaliatory action against her.

69. Plaintiff's termination occurred shortly after she engaged in protected activity.

70. Similarly-situated employees were treated better than Plaintiff.

71. Plaintiff is entitled to damages from Defendant in an amount to be proven at trial.

72. As a proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer job insecurity, loss of earnings and benefits, humiliation, emotional distress, and mental and physical anguish all to her damage in an amount to be proven at trial.

73. Defendant's acts and/or omissions were willful, wanton,

outrageous and oppressive and were done with callous indifference to Plaintiff's present and future ability to earn a living and therefore Plaintiff is also entitled to punitive and exemplary damages from Defendant in an amount to be proven at trial.

## PRAYER FOR RELIEF

74. Plaintiff is entitled to damages from Defendant in an amount to be proven at trial.

75. As a proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer job insecurity, loss of earnings and benefits, humiliation, emotional distress, and mental and physical anguish all to her damage in an amount to be proven at trial.

76. Defendant's acts and/or omissions were willful, wanton, outrageous and oppressive and were done with callous indifference to Plaintiff's present and future ability to earn a living; and, therefore Plaintiff is also entitled to punitive damages, to the extent permitted by law, and exemplary damages from Defendant.

Wherefore, Plaintiff prays this Court grant judgment in her favor over and against Defendant and award damages to Plaintiff, including special damages, back pay and future loss of earnings,

compensatory damages, attorneys' fees, prejudgment interest, and to the extent permitted by law punitive damages in an amount deemed sufficient to punish Defendant for its actions; costs of this action; and such other and further relief as this Court may deem just and proper.

      DATED:  Honolulu, Hawai`i, March 14, 2021.

                                    /s/ Roman Amaguin
                                    _____
                                    ROMAN F. AMAGUIN
                                    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JENNY MATSUMOTO HUSSEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> vs. ) <br> ) <br> ) <br> CVS PHARMACY, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | CIV NO. _____ <br><br><br><br><br><br> JURY TRIAL DEMAND |

## JURY TRIAL DEMAND

Pursuant to Rule 38, Plaintiff demands a jury trial on all issues triable by a jury.

DATED: Honolulu, Hawaii, March 14, 2021

/s/ Roman Amaguin
_____
Roman Amaguin
Attorney for Plaintiff